## Eddis v. Philadelphia Trust Company.

*Negligence — Automobiles — Passing vehicles at crossing — Contributory negligence.*

1. Failure by the driver of an automobile to give warning in passing vehicles moving in the same direction on the right-hand side, instead of the left, and the passing of these vehicles moving in the same direction upon an intersection, in violation of the statutory provision, is evidence of the negligent operation of the automobile.

2. Where an automobile passes wagons at an intersection on the right-hand side of them instead of the left, a pedestrian who is struck at the intersection, and who had a right to assume that the automobile would not take the course it did, cannot be convicted of contributory negligence as a matter of law. His case is for the jury.

Motion to take off non-suit. C. P. No. 5, Phila. Co., March T., 1923, No. 3100.

*W. C. Brown*, for plaintiff; *R. T. McCracken*, for defendant.

MARTIN, P. J., April 1, 1926.—At the trial of this case, the court entered a compulsory non-suit upon motion of the defendant, which the plaintiff has moved to strike off.

The suit was brought for the recovery of damages suffered by the plaintiff by reason of being struck by the automobile of the defendant at the intersection of Lansdowne Avenue and 54th Street, in the City of Philadelphia. No affidavit of defence was filed, thus admitting the ownership of the automobile and its operation by the defendant or his servant, and in the defendant's business. The plaintiff had alighted from a street-car which was running westwardly on Lansdowne Avenue, and had stopped on the near or east side of 54th Street. He started to cross to the south side of Lansdowne Avenue at the place of crossing customarily used by pedestrians on the east side of 54th Street, passing in front of the standing street-car and then on to the east-bound track on Lansdowne Avenue, upon which several dump-wagons drawn by horses were proceeding eastwardly at a "jog trot," from which tracks he stepped into the remaining cartway between the east-bound track and the curb, and was there struck by the defendant's automobile, which was moving eastwardly on Lansdowne Avenue. The plaintiff testified that, before starting to cross in front of the street-car, he looked west on Lansdowne Avenue and saw defendant's automobile at Conestoga Street, about 330 feet west from where he was standing, but did not again see the automobile until the instant of being struck by it. He further testified that his view of the street to the south of the east-bound track was obscured by the approaching dump-wagons, and that he assumed no automobile would pass these wagons at an intersecting street. He claimed that he was struck by the front of the automobile at a point between the east-bound track and the south curb of Lansdowne Avenue, just beyond the car track, or when about to step to the cartway from the car track. He also testified that he continued to look while crossing the street. Several other witnesses for the plaintiff testified that he seemed to jump from the street-car track to the cartway, presumably to escape the approaching horses and dump-wagons, into the left fender of the automobile. There was evidence that the defendant gave no signal or warning before striking plaintiff.

Lansdowne Avenue at this point is approximately 36 feet wide between curbs, and the distance from the north curb to the south rail of the east-bound track 25½ feet, leaving about 10½ feet from this south rail to the south curb of the street. Fifty-fourth Street is 34 feet wide between curbs, with pave-

ments of 13 feet on each side. The evidence indicated that when plaintiff started to cross, the dump-wagons were possibly five or ten feet west of the building-line on the west side of 54th Street, and that the automobile was then to the rear of the dump-wagons, and that when the plaintiff was struck by the automobile, the horses attached to the first dump-wagon were four or five feet from him, and that the automobile was then in advance of the horses, indicating that it was passing the dump-wagons at the intersection, on the right-hand side of the dump-wagons.

The failure to give a warning in passing a vehicle moving in the same direction on the right-hand side instead of the left, and the passing of these vehicles moving in the same direction upon an intersection, in violation of a statutory prohibition, was evidence of negligent operation of the automobile of the defendant.

The non-suit was entered upon the assumption that the plaintiff was guilty of contributory negligence as a matter of law in attempting to cross Lansdowne Avenue in front of the standing street-car, the approaching dump-wagons and an automobile which he had seen approaching at Conestoga Street, and by which he was struck the moment he stepped into the cartway from the east-bound street-car track. The question of the plaintiff's contributory negligence may have been one for determination by the jury. It was hazardous to attempt to cross the east-bound track with the horses approaching on a trot, and yet the plaintiff safely passed this danger, and while it is established that where the pedestrian is committed to the customary street crossing, he has a right to assume that an automobile driver will keep his car under control and avoid striking him; yet as, according to his own testimony, he could not see the automobile, it must be assumed that the driver of the automobile could not see him, owing to the dump-wagons, and, therefore, in the absence of anything else, he must be deemed to have been negligent in stepping from the street-car track into the pathway of the automobile. But this rule cannot be controlling where, as here, the plaintiff had a right to assume that the automobile of the defendant would not pass the dump-wagons at the intersection, and that the cartway to the south of the dump-wagons was clear for the defendant's passage. In this view of the case, his contributory negligence is a question for the jury.

And now, to wit, April 1, 1926, the motion of plaintiff is allowed and the non-suit is stricken off.